**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE:

BRYAN HENDERSON
NINA HENDERSON                                              CASE NO. 09-50596
DEBTOR(S)

**DEBTORS**

BRYAN HENDERSON
NINA HENDERSON                                              **PLAINTIFFS**

V.                                                          **ADV. NO.**

PAUL LU, INDIVIDUALLY;
PAUL LU, CEO AUTO BARN ATLANTA, INC.;
AUTO BARN ATLANTA, INC.                                     **DEFENDANTS**

<u>COMPLAINT WITH ATTACHED EXHIBITS</u>

Comes the Plaintiffs, Bryan Henderson and Nina Henderson, by counsel, and for their Complaint against Paul Lu, Individually; Paul Lu, CEO Auto Barn Atlanta, Inc; and Auto Barn Atlanta, Inc. state their cause of action and respectfully allege as follows:

<u>JURISDICTION AND VENUE</u>

1. This is an adversary proceeding brought pursuant to FRBP Rule 7001 of Title 11 of the United States Code.

2. The jurisdiction of this case is based upon 28 U.S.C. §1334 in that it arises under Title 11 U.S.C.

3. This is a core proceeding under 28 U.S.C. §157.

4. Venue for this complaint is proper pursuant to 28 U.S.C. § 1409.

5. This is an adversary complaint brought under 11 U.S.C. § 362.

6. This proceeding is related to the bankruptcy case, In Re: Bryan Henderson and Nina Henderson, Case No.: 09-50596, presently pending in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington, Kentucky.

## PARTIES

7. Brian Henderson and Nina Henderson are the Debtors/Plaintiffs who filed their bankruptcy petition on March 4, 2009.

8. Auto Barn Atlanta, Inc. is a Creditor/Defendant in this action

9. Paul Lu, CEO of Auto Barn Atlanta, Inc. is a Defendant in this action.

10. Paul Lu, individually is a Defendant in this action.

## FACTUAL ALLEGATIONS

11. On March 4, 2009 the Hendersons filed their petition for relief under Chapter 13 of the Bankruptcy Code.

12. On March 5, 2009 Paul Lu contacted Imperial Recovery of Lexington (hereafter "Imperial Recovery") to request the repossession of the Debtors 1999 Volkswagen Passat (hereafter "Vehicle") on which Auto Barn Atlanta was the lien holder.

13. On March 8, 2009, employees for Imperial Recovery, were at the Hendersons' residence, when they observed two individuals who were also attempting to repossess the Hendersons' Vehicle. The individuals claimed to be from Georgia and work for Excel Recovery. The individuals indicated that they were hired by Auto Barn Atlanta, Inc. to repossess the subject Vehicle.

14. On April 6, 2009, Paul Lu left a message on the Hendersons' home phone answering machine. On the message Mr. Lu indicated that he was aware of their

bankruptcy filing, made disparaging remarks about the debtors, and threatened to have the debtors arrested if they did not return the Vehicle.

15. That afternoon, Nina Henderson, who was pregnant, arrived home with the their minor children, ages 6 and 4. With the children present Nina played the recorded messages on their answering machine. Upon hearing the threats in Mr. Lu's message, Nina became very upset, began to cry and became physically ill. Upon seeing their mother's distress, the minor children became distraught. Nina called Brian, who left work in order to be with his family.

16. On the morning of April 7, 2009, the Debtors discovered the 1999 Volkswagen Passat was not in their driveway, where they left the Vehicle the prior evening. The debtor was very concerned because not only was his vehicle missing, but the debtor's wallet was located in the vehicle which contained bank cards, the debtor's social security card and other personal information.

17. Brian Henderson called the Lexington Police department to report the missing vehicle. Upon arriving at the Hendersons' residence, the police officer advised the Debtors that the vehicle had been repossessed.

18. Brian Henderson advised undersigned counsel's office that the Vehicle was repossessed. Counsel's office obtained the phone number for lien holder, Auto Barn Atlanta, and left a message on the answering machine requesting the fax number in order to send them a notice of the bankruptcy. An individual, who identified himself as Paul from Auto Barn called counsel's office and spoke with staff member Cara Sparkman and provided fax number 404-591-2706. Ms. Sparkman advised Mr. Lu that the Debtors had filed a Chapter 13 bankruptcy and that Auto Barn Atlanta must return the Vehicle. Mr.

Lu indicated that the bankruptcy did not matter as this was a criminal matter and concluded the conversation.

19. Counsel's office immediately faxed a letter to the fax number provided to Auto Barn to advise of the pending bankruptcy. **Exhibit 1**.

20. Undersigned counsel then called Auto Barn Atlanta and spoke with the individual who answered the phone and identified himself at Paul Lu. Mr. Lu advised counsel that he was aware of the bankruptcy and was receiving correspondence from counsel's office and the Bankruptcy Court. Mr. Lu advised counsel that the matter was criminal in nature and that he was entitled to get the vehicle back. Mr. Lu acknowledged that he repossessed the vehicle despite the bankruptcy. Mr. Lu provided the name of the repossession agency, Imperial Recovery, whom he hired to repossess the Vehicle.

21. Counsel contacted Ron Athey of Imperial Recovery. Mr. Athey confirmed his company was hired by Paul Lu and Auto Barn Atlanta to repossess the debtors' Vehicle. Mr. Athey and Imperial Recovery, who cooperated with counsel upon learning of the pending bankruptcy, permitted Mr. Henderson to retrieve his Vehicle.

22. Bryan Henderson was able to regain possession of the Vehicle late on the afternoon of April 7 however was forced to take the day off from work to deal with the situation.

23. On or about May 2, 2009 the Debtors received correspondence from the Donald W. Blevins, Clerk of Fayette County regarding the Debtors' attempt to obtain a Kentucky title and registration. The clerk's correspondence attached correspondence from Auto Barn Atlanta dated April 30, 2009 and the original letter requesting the Vehicle title dated February 2, 2009. **Exhibit 2**.

24. In response to the request for the Vehicle title by the Fayette County Clerk's office, Auto Barn Atlanta sent its letter dated April 30, 2009 which was signed by Paul Lu, Owner. In its letter Auto Barn and Paul Lu refused to send the Vehicle title to the Fayette County Clerk and requested the clerk "[p]lease do not grant title of this vehicle to any party including Mr. Henderson for any reason." **Exhibit 2**.

25. On July 8, 2009 Auto Barn of Atlanta filed Claim 18-1 in the bankruptcy proceeding claims register.

26. On July 17, 2009 the Order Confirming Chapter 13 Plan was entered. Pursuant to Section II (A)(2) of the confirmed plan, Auto Barn Atlanta was entitled to a secured claim of $6,500 at 4.25 percent interest.

27. On the morning of August 5, 2009 the debtors discovered the Vehicle was once again missing from their driving. Bryan Henderson called the Lexington Police Department. Upon arriving at the Hendersons' residence, the police officer confirmed that no repossession had been reported on the subject Vehicle. Bryan Henderson and the responding officer noted that there was no broken glass at the scene and there where skid marks in the driveway, apparently because the vehicle was towed from the driveway. Attached to the Clerk's letter was correspondence from Auto Barn Atlanta signed by Paul Lu.

28. Located in the Vehicle were Bryan Henderson's bank cards, social security card along with personal property.

29. On August 7, 2009, the debtors receive a certified letter from Auto Barn Atlanta. The letter was titled "DEMAND IS HEREBY MADE FOR THE FOLLOWING ITEM: 99 VOLKSWAGON PASSAT VIN 3 WVWPD63BCXE430993. EXHIBIT 2.

30. The August 7, 2009 letter from Auto Barn Atlanta goes on to threaten criminal prosecution against Bryan Henderson by stating, "all information relating to these items may be submitted to the Magistrate for the issuance of a criminal warrant."

31. As a result of the Vehicle being taken, the Hendersons will incur costs including but not limited obtaining a replacement vehicle.

## COUNT 1

32. Plaintiffs incorporate all previous paragraphs.

33. The Defendants have acted willfully and in violation of the automatic stay

34. The Defendants' actions have caused the Plaintiffs to incur actual damages, including their court costs and attorney's fees in bringing this action, all for which Plaintiffs are entitled to judgment against the Defendants.

35. The Defendants' actions have caused actual damages, including, but not limited to emotional distress.

36. The continuing actions of the Defendants are so egregious and in such contempt of the automatic stay as to warrant the award of punitive damages to the Plaintiffs.

37. The conduct of Defendants was an attempt to collect a debt scheduled on the Plaintiff's bankruptcy petition constitute violations of the automatic stay pursuant to 11 U.S.C. § 362.

WHEREFORE, Plaintiffs Bryan Henderson and Nina Henderson respectfully requests as follows:

1. That they be awarded judgment against the Defendants, jointly and severally, for their actual damages incurred as a result of the Defendants'

      continuing and willful violation of the automatic stay, including her court costs and attorney's fees, and

2. That they be awarded judgment against the Defendants, jointly and severally, for their actual damages incurred as a result of the Defendants' continuing and willful violation of the automatic stay, including their emotional distress, and

3. That they be awarded judgment against the Defendants, jointly and severally, for punitive damages in an amount to be determined by this Court, and

4. Such additional relief to which she may be entitled.

                                          Atkinson, Simms & Kermode PLLC
                                          1608 Harrodsburg Rd.
                                          Lexington, Kentucky 40504
                                          (859) 225-1745 Telephone
                                          (859) 254-2012 FAX

                                  By: /s/ Ryan R. Atkinson_____
                                      ATTORNEY FOR PLAINTIFFS